J-S67031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
GEORGE DENTON MARTIN             :
                                 :
            Appellant            :     No. 898 MDA 2019

Appeal from the Order Entered May 21, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004746-2012

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 24, 2019**

Appellant George Denton Martin appeals from the Order entered in the Lancaster Court of Common Pleas on May 21, 2019, dismissing without a hearing his serial petition filed *pro se* pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history herein as follows:

> The record reflects that on February 27, 2013, [A]ppellant entered a negotiated guilty plea to one count each of indecent assault person less than 13 years of age, involuntary deviate sexual intercourse with a child, corruption of minors, and unlawful contact with a minor[1] in connection with a sexual assault that [A]ppellant committed on December 11, 2011. Pursuant to the plea agreement, the trial court imposed an aggregate sentence of 8 to 20 years of incarceration. Appellant failed to take a direct

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

appeal. On March 25, 2014, [A]ppellant filed a counseled PCRA petition, which the PCRA court ultimately dismissed. A panel of this [C]ourt affirmed the PCRA court's order denying [A]ppellant relief. ***Commonwealth v. Martin***, No. 1441 MDA 2014 unpublished memorandum (Pa.Super. filed February 11, 2015).

On July 26, 2017, [A]ppellant filed the PCRA petition that is the subject of this appeal. The PCRA court filed its Rule 907 notice of intent to dismiss on August 30, 2017. Appellant filed a response and raised a new issue under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). On October 3, 2017, the PCRA court dismissed appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court then ordered [A]ppellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

_____
[1] 18 Pa.C.S.A. §§ 3126(a)(7), 3123(b), 6301(a)(1)(ii), and 6318(a)(1), respectively.

***Commonwealth v. Martin***, 200 A.3d 555 at *1-2 (Pa.Super. 2018) (unpublished memorandum).

On May 1, 2019, Appellant filed *pro se* what he titled a "Motion to enforce plea agreement/Writ of Habeas Corpus." Therein, he asserted that [t]his petition shall <u>not</u> be construed as a post-conviction relief petition, codified at 42 pa. c.s. 9541-9546. This petition is akin to a Writ of Habeas Corpus." ***See*** Motion at ¶ 2 (emphasis in original). Appellant further stated he is not challenging his conviction or sentence, but rather seeks to enforce the terms of his guilty plea or vacate it based upon additional conditions pertaining to sexual offender registration that he alleges were not "within the authority of the Commonwealth to offer, at the time of the plea[.]" ***Id***. at ¶¶ 3-4.

In its Order entered on May 21, 2019, the PCRA court[2] dismissed Appellant's motion without a hearing. In doing so, the court stated that the motion had been improperly filed, as the PCRA is the exclusive means available for Appellant to challenge his conviction or sentence on collateral review. In a footnote to its Order, the PCRA court cited to relevant statutory authority and existing caselaw in support of its determination.

Appellant filed a timely appeal with this Court, and both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[3] In his brief, Appellant presents the following claims for this Court's review.

1. Should Judge Donald Totaro be allowed to continue on as a judge in Pennsylvania, when it is clear that he does not read petitions before ruling on them, nor accurately understand law, and therefore make lawful, accurate rulings?

2. Can [A]ppellant seek enforcement of plea agreement, or challenge the civil collateral consequence of sexual offender registration via the PCRA, when [A]ppellant is not invoking any of the statutory rule-based requirements of the PCRA?

3. Does [A]ppellant's negotiated plea agreement contain specific terms regarding sexual offender registration?

4. Does Sorna II (Act 10 and Act 29 of 2018) contain additional terms and conditions of sexual offender registration, not contained within the plea agreement?

5. Can Sorna II be modified (limited) to conform to [A]ppellant's plea agreement?

---

[2] In light of our holding, *infra*, the lower court is properly referred to as the PCRA court.

[3] On June 10, 2019, Appellant filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court filed its Pa.R.A.P. 1925(a) Opinion on July 19, 2019.

6. Can [A]ppellant seek enforcement of a plea agreement which was reached in violation of law?

Appellant's Brief at 7-8 (unnumbered).

As Appellant's claims are interrelated, we will address them together. In doing so, we apply the "general proposition [that] an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error." *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa.Super. 2008) (citations and quotations omitted).

Preliminarily, we review the PCRA court's decision to treat Appellant's submission as a PCRA petition. As this Court previously explained, "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa.Super. 2013) (internal citations omitted). Accordingly, if an issue is "cognizable under the PCRA," it "must be raised in a timely PCRA petition, and cannot be raised in a *habeas corpus* petition." *Id*. at 466. "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Id*. (footnote omitted).

Notably, challenges to the legality of one's sentence are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9542; *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 1997). In his motion, Appellant asserts the

- 4 -

applicable sexual offender registration requirements with which he must comply are contrary to his plea agreement and essentially constitute an illegal modification of that agreement and of his sentence; therefore, Appellant's allegations to the contrary, we find the PCRA court properly treated Appellant's "Motion to enforce plea agreement/Writ of Habeas Corpus" as a PCRA petition. Accordingly, before we proceed to its merits, we first must determine whether Appellant's submission considered as a PCRA petition was timely filed. *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa.Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. *Commonwealth v. Robinson*, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa.Super. 2014). The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa.Super. 2014).

It is axiomatic that all PCRA petitions, including second and subsequent petitions, must be filed within one year of the date upon which a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment

becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). In addition, The Pennsylvania Supreme Court has stated that the timeliness of a PCRA petition is jurisdictional in nature; therefore, if a PCRA petition is untimely, a court lacks jurisdiction over the petition. *See Commonwealth v. Callahan*, 101 A.3d 118, 120-21 (Pa.Super. 2014); *see also Commonwealth v. Wharton*, 584 Pa. 576, 886 A.2d 1120 (2005).

In the matter *sub judice*, Appellant was sentenced following a negotiated guilty plea on February 27, 2013. He did not file a direct appeal with this Court; thus, Appellant' judgment of sentence became final on March 29, 2013, thirty days after the trial court imposed his sentence and his time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, Appellant's instant motion filed on May 1, 2019, is patently untimely. As a result, the PCRA court did not have jurisdiction over this filing unless Appellant has alleged and proven one of the following statutory exceptions to the PCRA time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant has made no attempt to plead or prove that one of the aforementioned exceptions to the PCRA time-bar applies. In fact, he does not even mention in his motion one of the exceptions listed in 42 Pa.C.S.A. § 9545(b), and he instead insists the PCRA is inapplicable.

Moreover, a petitioner is not eligible for relief under the PCRA when an alleged error previously has been litigated. 42 Pa.C.S.A. § 9544. As the PCRA court discussed in the footnote to its May 21, 2019, Order, and again in its Opinion filed pursuant to Pa.R.A.P. 1925(a), *see* Opinion, filed 7/19/19, at 8, Appellant raises the same arguments herein that he raised in his third PCRA petition pertaining to the legality of SORNA II. In our Memorandum decision entered on October 11, 2018, this Court previously considered and determined

Appellant's attempt to invoke the Supreme Court's decision in **Muniz** in the context of an untimely PCRA petition did not entitle him to relief. **Id**. at 4-5.[4]

In light of the foregoing and Appellant's allegations to the contrary, the PCRA court thoroughly considered the claims Appellant asserted in his May 1, 2019, PCRA petition and properly dismissed the same for lack of jurisdiction. Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar. We, therefore, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/24/2019</u>

---

[4] The PCRA court also found that because Appellant failed to challenge the imposition of Megan's Law III conditions at the time of his sentencing, in a post-sentence motion, on direct appeal, or in his first PCRA petition he waived this issue. Trial Court Opinion, filed 7/19/19, at 8 *citing* **Commonwealth v. Oliver**, 128 A.3d 1275, 1281-82 (Pa.Super. 2015).